## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
November 9, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 13-1291** (BOR Appeal No. 2048478)
(Claim No. 2004023617)

**GREGORY GWINN,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Lowe's Home Centers, Inc., by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Gregory Gwinn, by Otis R. Mann, Jr., his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2013, in which the Board affirmed a June 18, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied acknowledgement of Lowe's Home Centers, Inc., protest of the claims administrator's February 28, 2013, decision which granted Mr. Gwinn permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gwinn, an employee of Lowe's Home Centers, Inc., was granted permanent total disability benefits by the claims administrator on February 28, 2013, in accordance with the recommendation of the Permanent Total Disability Review Board. Lowe's Home Center's Inc., sought to appeal the decision to the Office of Judges.

The Office of Judges determined that it was prohibited from considering Lowe's Home Centers, Inc., protest by the provisions of West Virginia Code § 23-5-1(b) (2009). Pursuant to

1

West Virginia Code § 23-5-1(b), there are three situations in which an employer may protest a decision of the claims administrator. Decisions that may be protested by the employer are those incorporating findings of the Occupational Pneumoconiosis Board, decisions made by the Insurance Commissioner acting as administrator of claims involving funds created in West Virginia Code § 23-5-2 (2005), or decisions made pursuant to West Virginia Code § 23-4-7a (c)(1) (2005). The Office of Judges found that the claims administrator's decision does not provide any of the aforementioned scenarios which afford Lowe's Home Centers, Inc., standing to protest, and noted that the claims administrator's decision was based upon that Permanent Total Disability Board's final recommendation. Therefore, the Office of Judges held that Lowe's Home Centers, Inc., had no standing to protest the claims administrator's decision and that the decision must therefore be affirmed. The Board of Review adopted the findings of the Office of Judges and affirmed its conclusions.

We agree with the reasoning and conclusions of the Board of Review. Lowe's Home Centers, Inc., has no standing to protest the claims administrator's decision. The Board of Review's decision is consistent with this Court's holding in *Performance Coal Company v. Hoge*, No. 13-0369 (June 27, 2014) (memorandum decision).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II